IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

KERANOS, LLC.,                          §
                                        §
        *Plaintiff*,                    §
v.                                      §   CASE NO. 2:10-CV-207-TJW
                                        §
ANALOG DEVICES, INC., *et al.*,         §
                                        §
        *Defendants*.                   §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are motions to dismiss brought by numerous Defendnats.[1]

Most of the motions to dismiss argue that Plaintiff Keranos, LLC ("Keranos" or "Plaintiff")

lacks standing and, thus, that this suit should be dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(1).   The majority of the Defendants' motions also argue that Plaintiff's

Complaint (Dkt. No. 1) does not allege sufficient facts to state a cause of action for contributory,

induced, and willful infringement, and that the Complaint should be dismissed for failure to state

---

[1] The following Defendants brought or joined motions to dismiss that are currently pending before the Court, which are all addressed in this Order: Microchip Technology, Inc. (Dkt. No. 166); Analog Devices, Inc. (Dkt. No. 168), Seiko Epson Corporation and Epson America, Inc. (Dkt. No. 179), VIS Micro, Inc. (Dkt. No. 192), and EM Microelectronic-U.S., Inc. (Dkt. No. 173); Micronas USA, Inc. (Dkt. No. 209); Alcatel-Lucent Holdings Inc., Alcatel USA GP, Inc., Alcatel USA Marketing, Inc., Alcatel USA Resources, Inc., and Alcatel USA Sourcing, Inc. (Dkt. No. 236); Intel Corporation (Dkt. No. 238); National Semiconductor Corp. (Dkt. No. 235); Ubicom, Inc. (Dkt. No. 240); Austriamicrosystems AG and Austriamicrosystems USA, Inc. (Dkt. No. 257); Freescale Semiconductor, Inc. (Dkt. No. 285); ROHM Semiconductor U.S.A., LLC (Dkt. No. 288); Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (Dkt. No. 270); Winbond Electronics Corporation and Winbond Electronics Corporation America (Dkt. No. 289); Apple Inc. (Dkt. No. 286); International Business Machines Corporation (Dkt. No. 273); Taiwan Semiconductor Manufacturing Co., Ltd. and TSMC North America (Dkt. No. 284); Renesas Electronics Corporation and Renesas Electronics America Inc. (Dkt. No. 301); and NXP Semiconductors USA, Inc. (Dkt. No. 351).

a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).   Various defendants also raise additional, individual issues in their motions to dismiss, including personal jurisdiction arguments.   The Court will first address the global arguments that Plaintiff does not have standing to sue for patent infringement and that Plaintiff has not alleged sufficient facts to state a claim for contributory, induced, and willful infringement.   The Court will then address the individual issues raised in each Defendant's motion to dismiss.

## I.   Motions to Dismiss for Lack of Standing

Defendants argue that Keranos does not have standing to sue for infringement because (1) it is not the legal title owner of the patents-in-suit, and (2) its alleged interest in the patents-in-suit is insufficient to give rise to standing.   Specifically, Defendants argue that the legal title holder of the patents-in-suit, United Module, Inc. ("United Module"), has not transferred "all substantial rights in the patent" to Keranos.   Keranos, however, asserts that the rights granted to Keranos through the Exclusive Patent License and Royalty Agreement ("License Agreement") with United Module are sufficient to confer standing.

### A.  Factual and Procedural Background

Plaintiff filed the present suit on June 23, 2010 alleging that Defendants infringed United States Patent Nos. 4,795,719 ("the '719 patent"), 4,868,629 ("the '629 patent"), and 5,042,009 ("the "009 patent") (collectively the "patents-in-suit").   The patents-in-suit are owned by United Module.   On February 16, 2010, after the patents-in-suit had already expired, Keranos and United Module entered into the License Agreement in which United Module granted to Keranos:

- "the world-wide exclusive right and exclusive license to sue and recover for current and past infringements of the Patent Rights and any and all causes of action and remedies, either legal and/or equitable related thereto;"

- "the world-wide exclusive right and exclusive license to negotiate and grant sublicenses to third parties under the Patent Rights for past, present and/or future activities;" and

- "any and all other substantial rights in the Patent Rights . . . necessary and sufficient under any applicable law or precedent to confer standing and permit [Keranos] to initiate any actions on its own under paragraph 3 [of the License Agreement], and further without the need to join [United Module] in any such actions'"

- subject to the rights of prior licensees, "the world-wide exclusive right and exclusive license to make, have made, use, import and sell the Licensed Technology to the end of the term for which such Patent Rights exist;" and

- subject to the rights of prior licensees, "the world-wide exclusive right and exclusive license to have previously made, had made, used, sold and imported the Licensed Technology."

United Module is "expressly prohibited" under the License Agreement "from instituting or participating in any action for infringement related to the Patent Rights" and from "negotiation and/or granting any further licenses under the Patent Rights" without "express written authorization from [Keranos]."  The License Agreement defines "Patent Rights" to mean "any and all of [United Module's] rights, title, ownership and interest world-wide in the Patents," and the term "Patents" is defined to include all three of the patents-in-suit.

3

**B. Legal Standard**

Standing "determines the court's fundamental power to hear [a] suit." *Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 319 (5th Cir. 2002). "Whether a party has standing to sue in federal court is a question of federal law." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003).   The party asserting jurisdiction has the burden of establishing jurisdiction. *Id.*; *see also Rivera*, 283 F.3d at 318-19.   In the context of patent infringement suits, there are two separate limitations on standing: constitutional and prudential. *See Morrow v. Microsoft, Corp.,* 499 F.3d 1332, 1338-39 (Fed. Cir. 2007) (differentiating constitutional and prudential standing).   "Article III standing … generally must be present at the inception of the lawsuit." *Paradise*, 315 F.3d at 1308, *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Id.* at 1309.

Only a patentee has standing to bring suit for patent infringement in its own name. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed.Cir.1998); *see* 35 U.S.C. § 281. However, patent rights can be assigned, and a valid assignment that transfers "all substantial rights under the patent" vests independent standing in the assignee to enforce the rights under the patent. *See Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1249-50 (Fed. Cir. 2000); 35 U.S.C. § 261. Thus, when a patentee transfers title in a patent by assignment, the assignee is the effective patentee under the Patent Act and the assignee has standing to sue for infringement in its own name. *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed.Cir.2006). "A party that has been granted all substantial rights under the patent is considered the owner

4

regardless of how the parties characterize the transaction that conveyed those rights." *Speedplay*, 211 F.3d at 1250.

### C. Discussion

The thrust of Defendants' argument is that the License Agreement between Plaintiff and United Module did not confer standing on Plaintiff because it did not transfer to Plaintiff the right to practice the invention or exclude others from practicing the invention. Accordingly, Defendants contend that it did not assign all substantial rights in the patent such that Keranos has standing to sue for infringement of the patents-in-suit on its own. Once a patent expires, the right to exclude others ceases, and the world is free to use the patented invention. *See In re Kaplan*, 789 F.2d 1574 (Fed. Cir. 1986). Because the patents-in-suit all expired before Keranos was formed and before the License Agreement was executed, Defendants argue that it could not have transferred the right to practice the invention or exclude others from practicing the invention. At best, Defendants claim that the License Agreement conveyed to Keranos the right to sue for past infringement, which Defendants argue is not enough to confer standing.

In *Valmet Paper Machinery, Inc. v. Beloit Corporation*, the Western District of Wisconsin considered and rejected a similar argument. 868 F.Supp. 1085, 1087-88 (W.D. Wis. 1994). There, the defendants argued that only assignees who have acquired all the rights under a patent, including the exclusive right to make, use and vend the invention, have standing to sue for patent infringement. *Id*. at 1087. Because the patents in *Valmet* had expired at the time the assignment was made, the defendants argued that the assignment could not have transferred the right to make, use, or vend the invention, and plaintiff only acquired a right to claim damages. *Id*. The defendants argued that this was not enough to confer standing under the Supreme

5

Court's ruling in *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24 (1923).  *Id.* In *Crown Die*, the patent holder transferred to the plaintiff, during the life of the patent, only the right to sue for past and future infringements, and not the right to make, use or vend the patented article.  *Id.* at 38-39.  In other words, the patent owner "divide[d] up the monopoly of patent property" by assigning the right to sue for infringements while retaining substantial rights under the patent.  *Id.*  The Supreme Court concluded that this arrangement was not an assignment and did not confer upon the plaintiff standing to sue for past infringements in its own name.  *Id.* However, *Valmet* held that the policy considerations that motivated the decision in *Crown Die*— i.e. the desire to prevent a patent owner from stirring up litigation by third parties by dividing up the monopoly of patent property and assigning rights to different individuals—did not apply in the context of an assignment of an expired patent.  *Valmet*, 868 F.Supp. at 1088.  "In *Crown Die* the patent owner retained substantial rights in the patent.  In the present case, by contrast, the patent owner retained no interest in [the patent-in-suit]."  *Id.*  While the patent owner in *Crown Die* divided up the monopoly of patent property by assigning only the right to sue for infringement of a valid patent, when the owner of an expired patent transfers the right to sue for past infringement, "the assignee has all of the rights of his assignor."  *Id.*  (quoting Risdale Ellis, Patent Assignments § 61 (3d Ed. 1955)).

Thus, *Valmet* held that "[a]fter thoroughly examining the case law and the writings of patent authorities, I conclude that the right to sue for past infringement may indeed be assigned after a patent has expired and that the assignee of such a right can maintain an infringement suit in its own name."  *Valmet*, 868 F.Supp. at 1088.  Other courts have reached the same conclusion. *See New Medium Technologies LLC v. Barco N.V.*, 644 F.Supp.2d 1049, 1060 (N.D. Ill. 2007)

(holding that fact that the license on patent was executed after the patent expired did not remove licensee's standing to bring patent infringement action and that defendants "have failed to cite any authority directly stating that a holder of patent rights may not license the right to sue for infringement to another party after expiration of the patent"); *Tompkins v. St. Regis Paper Co*., 226 F. 744, 747 (D.C.N.Y.1915), aff'd, 236 F. 221 (2d Cir.1916) (holding that an existing cause of action for infringement of a patent may be assigned after expiration of the patent and the assignee may maintain an action thereon, despite the defendant's argument that once a patent expires, the right to sue for past infringement cannot be assigned because "there [is] nothing to assign, except a mere cause of action at law to recover the damages"); *see also* Lipscomb's Walker on Patents § 19:19 (3d ed. 1987) ("An assignment of a patent after it expires is a nullity with respect to the transfer of a grant but will operate to transfer to the assignee the right to sue for past infringements.").

In the present case, as in *Valmet*, the License Agreement clearly transferred all substantial rights remaining in the patents-in-suit to Keranos. Accordingly, based on its careful review of the parties' arguments, the License Agreement, and the applicable law, the Court finds that Keranos has standing to sue for infringement of the patents-in-suit. Defendants' motions to dismiss for lack of standing are, therefore, DENIED.

## II.    Motions to Dismiss for Failure to State a Claim

Various Defendants also move the Court to dismiss Plaintiff's claims for direct, contributory, induced, and willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff's allegations of direct, contributory, induced, and willful infringement in the complaint fail to meet the pleading requirements set forth in *Bell*

*Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 868 (2009).

### A. Legal Standard

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).     The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Second, a complaint must state a

8

plausible claim in order to survive a motion to dismiss.  *Id.*  This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  The Federal Circuit has noted, however, that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).  Relying on *Twombly*, the Federal Circuit stated that in order to state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."  *Id.* at 1357.

## B.  Discussion

The Federal Circuit has observed, post-*Twombly*, that a complaint for patent infringement is sufficient if it includes the elements in Federal Rule of Civil Procedure Form 18's sample pleading for patent infringement.  *See McZeal*, 501 F.3d at 1356-57 (describing the elements of Form 16, which is now Form 18, and explaining how the plaintiff's complaint included those elements).  A patent infringement complaint that pleads at least the facts in Form 18 must be sufficient to state a claim under Rule 8(a) because to hold otherwise would render Federal Rule of Civil Procedure 84 a nullity.  *See* FED. R. CIV. P. 84. ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *See also Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.,* No. 6:09-cv-269, Dkt. No. 189, at * 4 (E.D. Tex. March 29, 2010) (Davis, L.) ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would

render Rule 84 and Form 18 invalid.") (citing *Twombly*, 550 U.S. at 569 n.14; *McZeal*, 501 F.3d

at 1360).  Form 18 provides as follows:

> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.

FED. R. CIV. P. FORM 18 (2007) (emphasis in original).

This Court has held that, so long as a complaint complies with Form 18 in the Appendix

of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent

infringement as well as wilfulness will survive a motion to dismiss. *See, e.g., Fotomedia Techs.,*

*LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex., Aug. 29, 2008)

(Everingham, C); *Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, No. 2:09-cv-148-

TJW, Dkt. No. 130, at *5-7 (E.D. Tex. Apr. 10, 2010) (Ward, J.); *Intravisual Inc. v. Fujitsu*

*Microelectronics America, Inc.*, No. 2:10-cv-90, Dkt. No. 193, at *2-9 (E.D. Tex. March 18,

2011) (Ward, J.).   The Court has carefully reviewed Plaintiff's complaint and finds that it

complies with the requirements of Form 18.   Accordingly, the Court DENIES Defendants'

motion to dismiss Plaintiff's claims for direct infringement, induced infringement, contributory

infringement, and willfulness in the Complaint.

**III.    Defendant VIS Micro, Inc's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No.192)**

Defendant VIS Micro, Inc's (VIS Micro) motion to dismiss also included an argument that the claims against it should be dismiss for lack of personal jurisdiction (Dkt. No. 192).  In its motion, VIS MICRO presented a declaration from VIS Micro's Deputy Director of Account Management setting forth facts to support its contention that the Court lacks personal jurisdiction over it.  Keranos failed to rebut the facts raised in VIS Micro's motion and affidavit and, in fact, did not respond at all to VIS Micro's motion to dismiss for lack of personal jurisdiction. Keranos bears the burden of showing facts sufficient to support the Court's exercise of personal jurisdiction over VIS Micro.  *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir.2002); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.2000).   Additionally, the Local Rules prescribe that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  Local Rule CV-7(d).  Accordingly, the Court GRANTS VIS Micro's motion to dismiss for lack of personal jurisdiction (Dkt. No. 192).

**IV.    Defendant EMUS's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 173)**

Defendant EM Microelectronic-US Inc.'s (EMUS) also included an argument in its motion to dismiss that the claims against it should be dismissed for lack of personal jurisdiction (Dkt. No. 173).   Keranos failed to rebut the facts raised in EMUS's motion and attached affidavits and, in fact, did not respond at all to EMUS's motion to dismiss for lack of personal jurisdiction at all.  Keranos bears the burden of showing facts sufficient to support the Court's exercise of personal jurisdiction over EMUS.  *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir.2002); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.2000).  Additionally, the

Local Rules prescribe that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(d). Accordingly, the Court GRANTS EMUS's motion to dismiss for lack of personal jurisdiction (Dkt. No. 173).

## V.    Defendant Micronas' Motion to Dismiss under Rule 12(b)(5) (Dkt. No. 209)

Defendant Micronas USA, Inc. (Micronas") moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. Plaintiff attempted to serve Micronas by serving National Registered Agents on June 23, 2010, because Plaintiff believed that National Registered Agents was Micronas' registered agent for service in California. However, in April 2010 Micronas revoked its appointment of National Registered Agents as its agent for service of process, and so National Registered Agents was not Micronas' registered agent at the time Plaintiff attempted service. Therefore, Micronas was not served in accordance with Federal Rule of Civil Procedure 4. However, Plaintiff argues that when it attempted service, National Registered Agents was still listed in the California Secretary of State's business records database as Micronas' registered agent for service in California. Plaintiff also argues that, despite numerous conversations with counsel for Micronas regarding extensions of Micronas' deadline to answer the complaint, Micronas never told Plaintiff that National Registered Agents was no longer its agent for service. Plaintiff only learned this fact when Micronas filed its motion to dismiss. Accordingly, the Court finds that there is good cause to extend the time for Plaintiff to serve Micronas. For these reasons, the Court QUASHES Plaintiff's attempt at service on Micronas and ORDERS, to the extent that Plaintiff has not already done so, that Plaintiff re-serve Micronas in accordance with Federal Rule of Civil

Procedure 4 within 30 days from the date of this order.  *See Brown v. Mississippi Cooperative Extension Service*, 89 Fed. Appx. 437, 439 (5th Cir. 2004) (recognizing district court's discretion to either dismiss a case for improper service of process or quash service and grant plaintiff time in which to properly serve defendant); *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) ("The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process . . .").

### VI.     Defendant Ubicom's, Austriamicrosystems', and Renesas' Motions to Dismiss for Lack of Personal Jurisdiction (Dkt. Nos. 240, 257, 301)

Defendants     Ubicom,     Inc.     ("Ubicom"),     Austriamicrosystems     AG     and Austriamicrosystems USA Inc. (jointly, "Austriomicrosystems"), and Renesas Electronics Corporation and Renesas Electronics America Inc. (jointly, "Renesas") each brought motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Dkt. No. 240, 257, and 301, respectively).

#### A.  Legal Standard

Federal Circuit law controls personal jurisdiction issues in patent cases.  *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed. Cir. 2010) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994).  A federal court may exercise personal jurisdiction over a foreign defendant only if (1) the long-arm statute creates personal jurisdiction over the foreign defendant, and (2) the exercise of personal jurisdiction over that defendant is consistent with the due process guarantees of the U.S. Constitution.  *See Patent Rights Prot. Grp., LLC,* 603 F.3d at 1368-69; *see also Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996).  The Texas long-arm statute extends to the full extent permitted by the

Due Process Clause of the U.S. Constitution.  *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).  The sole inquiry in this case, therefore, is whether the exercise of personal jurisdiction would violate the Due Process Clause of the U.S. Constitution.  *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Thus, to establish that this Court has personal jurisdiction over Ubicom, Austriamicrosystems, and Renesas, Plaintiff must show that: (1) each defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over each defendant does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985).  Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts showing that the defendant is subject to personal jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  However, where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facia* showing of jurisdiction.  *See Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998) ("The district court noted that, because the parties had not conducted discovery on the jurisdictional issue, [the plaintiff] only needed to make a prima facie showing that [the defendant] was subject to personal jurisdiction in New York"); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002) ("[w]hen a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing") (quoting *Behagen v. Amateur Basketball Association of the United States*, 744 F.2d 731, 733 (10th Cir.1984)).

14

There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro ("McIntyre")*, 131 S. Ct. 2780, 2787-88 (2011); *see also Red Wing Shoe Co.*, 148 F.3d at 1359. General jurisdiction exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). Random, fortuitous, or attenuated contacts are not sufficient to establish general jurisdiction. *Red Wing Shoe Co.*, 148 F.3d at 1359. "There is also a more limited form of submission to a State's authority for disputes that 'arise out of or are connected with the activities within the state.'" *McIntyre*, 131 S. Ct. at 2787-88 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Where a defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' … it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State." *Id*. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id*. at 2789.

**A. Ubicom (Dkt. No. 240)**

Ubicom designs, develops, manufactures, and/or sells integrated circuits that Plaintiff alleges infringed the patents-in-suit by using embedded flash memory embedded in discrete form, wafer form, or incorporated within larger systems on printed circuit boards. Plaintiff alleges that the sale of these products during the life of the non-expired patents-in-suit was

infringing.  The last of the patents-in-suit expired on December 9, 2008.  Ubicom argues that it does not sell any products in the Eastern District of Texas or otherwise to business in the Eastern District of Texas.  However, Plaintiff has offered evidence that Ubicom makes the accused integrated circuits and/or dies and then ships them to Parallax Inc. ("Parallax") for inclusion in Parallax's flash memory products—the SX family of controllers.  Parallax controllers containing the Ubicom SX integrated circuits and/or dies were available for sale at Parallax's online store and at Frys electronics stores.  Frys operates eight stores throughout the state of Texas.  The evidence also suggests that Parallax discontinued its sales of the SX controller on or about July 31, 2009, and the SX controllers are no longer available for sale at any Frys location in Texas.

Plaintiff argues that Ubicom provided its accused integrated circuits and/or dies to Parallax knowing that Parallax would incorporate the Ubicom products into flash memory products and sell them to retailers who have an established presence in Texas, subjecting Ubicom to this Court's specific jurisdiction.[2]  Plaintiff further argues that it is reasonable to infer than Ubicom knew its products would reach the same markets where Frys operates retail stores. Because Frys operates eight retail stores in Texas, Plaintiff claims that Ubicom placed its products in the stream of commerce with the expectation that they would be incorporated into downstream devices and offered for sale to consumers in Texas.  Ubicom, however, argues Plaintiff has not shown that any of Ubicom's allegedly infringing products ever reached Texas or were purchased by consumers in Texas.  Plaintiff argues that this specific information is not necessary to establish personal jurisdiction.  In the alternative, Plaintiff argues that, because Parallax discontinued its sales of the allegedly infringing SX controllers in 2009, evidence of

---

[2] Plaintiff does not allege or provide facts to demonstrate that this Court has general jurisdiction over Ubicom.

whether the infringing SX controllers were sold at Frye stores in Texas during the life of the patents-in-suit is not readily obtainable without jurisdictional discovery. Accordingly, Plaintiff argues that it should be allowed to take jurisdictional discovery to obtain this information.

After the parties' briefing on Ubicom's motion to dismiss for lack of personal jurisdiction was completed, the Supreme Court issued its ruling in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011) ("*McIntyre*"). In *McIntyre*, the plurality stated that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."   *Id.* at 2787 (plurality opinion). However, when a defendant "purposefully avails itself of the privilege of conducting activities within" a state, *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), a state's exercise of jurisdiction over that defendant is proper "'in a suit arising out of or related to the defendant's contacts with the forum.'" *McIntyre,* 131 S.Ct. at 2787–88 (plurality opinion) (quoting *Helicopteros Nacionales de Colombia*, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984)). The key issue for the *McIntyre* plurality in determining whether a party has minimum contacts sufficient to confer jurisdiction is "whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id.* at 2789 (plurality opinion).

In light of the new minimum contacts analysis announced in *McIntyre* and the fact that whether the infringing SX controllers were sold at Frye stores in Texas during the life of the patents-in-suit can only be obtained through discovery from Parallax or Frey, the Court finds that Plaintiff is entitled to take jurisdictional discovery to determine whether this Court has personal jurisdiction over Ubicom under *McIntyre*.  *See Trintec Industries, Inc. v. Pedre Promotional*

17

*Products., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where existing record is inadequate to support personal jurisdiction and party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

Accordingly, the Court STAYS its decision on Ubicom's motion to dismiss for lack of personal jurisdiction (Dkt. No. 240) and ORDERS that Plaintiff has until November 14, 2011 to conduct jurisdictional discovery with respect to Ubicom.  The Court further ORDERS that Plaintiff may file a supplemental response to Ubicom's motion to dismiss for lack of personal jurisdiction on or before December 5, 2011.  Ubicom may then file a supplemental reply on or before December 19, 2011.  No surreply will be permitted without leave of court.

### B.  Austriamicrosystems' (Dkt. No. 257)

Austriamicrosystems argues that it is not subject to personal jurisdiction in the Eastern District of Texas because it has never imported, made, used, offered for sale, of sold the accused products in Texas.  Plaintiff, however, argues that Austriamicrosystems sells infringing standard and custom-made high performance integrated circuits in almost every country in the world, and has product design and sales locations in the United States.  Plaintiff also argues that Austriamicrosystems' products are available for sale in Texas, although Plaintiff does not specify where in Texas.  Additionally, Plaintiff claims that at least some of the accused products are offered for sale directly from Austriamicrosystems' website, including to customers in Texas. Plaintiff also points out that one of Austriamicrosystems' distributors, Future Electronics, has

four physical sales offices in the state of Texas—in Austin, Dallas, El Paso, and Houston. Plaintiff, however, has provided no evidence that any of the accused products were ever actually shipped to Texas or sold to consumers in Texas. Accordingly, the Court finds that jurisdictional discovery is necessary in order to determine whether any of the accused Austriamicrosystems' products, in fact, have been sold to consumers in Texas and at what volume. The Court also notes that the briefing on Austriamicrosystems' motion to dismiss for lack of personal jurisdiction was completed before the Supreme Courts' ruling in *McIntyre*.

In light of the new minimum contacts analysis announced in *McIntyre* and the fact that jurisdictional discovery is needed to determine whether any of the accused Austriamicrosystems' products, in fact, have been sold to consumers in Texas, the Court finds that Plaintiff is entitled to take jurisdictional discovery to determine whether this Court has personal jurisdiction over Austriamicrosystems under *McIntyre*. *See Trintec Industries*, 395 F.3d at 1283 (holding that jurisdictional discovery is appropriate where existing record is inadequate to support personal jurisdiction and party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson*, 764 F.2d at 1148 ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

Accordingly, the Court STAYS its decision on Austriamicrosystems' motion to dismiss for lack of personal jurisdiction (Dkt. No. 257) and ORDERS that Plaintiff has until November 14, 2011 to conduct jurisdictional discovery with respect to Austriamicrosystems. The Court further ORDERS that Plaintiff may file a supplemental response to Austriamicrosystems' motion to dismiss for lack of personal jurisdiction on or before December 5, 2011. Austriamicrosystems

may then file a supplemental reply on or before December 19, 2011.  No surreply will be permitted without leave of court.

### C.  Renesas (Dkt. No. 301)

Renesas provides no affidavits or other evidence to support its assertion that it is not subject to personal jurisdiction in this Court, and instead only argues that Plaintiff has not met its burden of proving that the Court has personal jurisdiction over Renesas. Plaintiff, however, offers evidence that Renesas has three Texas sales representatives with six physical offices in Texas dedicated to the promotion and sale of the accused technology in Texas.  To oppose a motion to dismiss for lack of personal jurisdiction, where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facia* showing of jurisdiction.  *See Graphic Controls*, 149 F.3d at 1383 n.1 ("The district court noted that, because the parties had not conducted discovery on the jurisdictional issue, [the plaintiff] only needed to make a prima facie showing that [the defendant] was subject to personal jurisdiction in New York"); *Deprenyl Animal Health*, 297 F.3d at 1347 (noting that "[w]hen a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing") (quoting *Behagen*, 744 F.2d at 733).  In light of the evidence provided by Plaintiff to support jurisdiction and the complete lack of evidence presented by Renesas to suggest that it is not subject to personal jurisdiction in the Court, the Court finds that Plaintiff has made a *prima facia* showing that Renesas is subject to personal jurisdiction in this Court. Accordingly, the Court DENIES Renesas' motion to dismiss for lack of personal jurisdiction (Dkt. No. 301).

IT IS SO ORDERED.

SIGNED this 12th day of September, 2011.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE