**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KERANOS, LLC,<br><br>    Plaintiff,<br><br>*vs*.<br><br>ANALOG DEVICES, INC. et. al.,<br><br>    Defendants. | Case No. 2:10-cv-00207-DF<br><br>Jury Trial Demanded |
| MICROCHIP TECHNOLOGY, INC., et al.,<br><br>    Plaintiffs,<br><br>*vs*.<br><br>UNITED MODULE CORP. et al.,<br><br>    Defendants. | Case No. 2:11-cv-00332-DF |
| FREESCALE SEMICONDUCTOR, INC., et al.,<br><br>    Plaintiffs,<br><br>*vs*.<br><br>UNITED MODULE CORP. et al.,<br><br>    Defendants. | Case No. 2:11-cv-00334-DF |
| SAMSUNG ELECTRONICS CO., LTD. et al.,<br><br>    Plaintiffs,<br><br>*vs*.<br><br>UNITED MODULE CORP. et al.,<br><br>    Defendants. | Case No. 2:11-cv-00331-DF |

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>Plaintiffs,<br><br>*vs.*<br><br>UNITED MODULE CORP., et al.,<br><br>Defendants. | Case No. 2:11-cv-00333-DF |

## **PLAINTIFF KERANOS, LLC'S MOTION TO CONSOLIDATE CASES**

### **Introduction**

Pursuant to Fed.R.Civ.P. 42 and Local Rule CV-42, Keranos, LLC ("Keranos") moves the Court to consolidate the above-captioned actions. Consolidation is appropriate here because the four later-filed declaratory judgment actions – which were initially filed in the Northern District of California, but later transferred to this Court based on the "first to file" rule – include claims that are identical to those asserted in Keranos' first-filed action, Case No. 2:10:cv-00207-[DF] (the "207 Case").

The eight defendants in the 207 Case who filed the declaratory judgment actions in Northern California do not oppose consolidation of those transferred DJ actions into the original 207 Case. However, several defendant groups in the 207 Case – who will essentially be unaffected by consolidation – oppose consolidation.

Under the circumstances, consolidation will conserve both judicial and party resources, promote efficiency and eliminate duplicative discovery. Without consolidation, Keranos and this Court could be subjected to five separate claim construction proceedings on the same three patents, five separate determinations on the validity of the patents, the education of five separate juries on the technology at issue, and five separate trials. The only change to the 207 Case from

2

the proposed consolidation will be the inclusion of DJ Plaintiff Silicon Storage Technology ("SST"), which is a wholly owned subsidiary of current defendant Microchip Technology – and a supplier of the accused technology to many the other defendants in the 207 Case.  Because all other claims for declaratory relief asserted in the four declaratory judgment actions are present in the original 207 Case, consolidation will cause no prejudice or confusion.

## Procedural Background

Keranos filed the original complaint in the 207 Case on June 23, 2010, alleging infringement of three patents related to split gate memory cells in semiconductor chips.  The action was assigned to the Honorable T. John Ward and was later reassigned to the Honorable David Folsom.  The defendants in the 207 Case filed various responses to the complaint, including motions to dismiss on a number of grounds such as failure to state a claim and lack of personal jurisdiction.  Most of the defendants also moved to dismiss Keranos' complaint for lack of standing, contending the owner of the patents in suit – United Module – had not granted Keranos the exclusive right to assert the patents.  On September 12, 2011, Judge Ward ruled on all of defendants' motions to dismiss – mostly by denying them.  Notably, Judge Ward rejected defendants' argument that Keranos lacked standing to assert the patents.

Between September 2010 and January 2011, eight defendants in the 207 Case (along with SST, a wholly owned subsidiary of one of the defendants) filed a total of four declaratory judgment complaints against Keranos and United Module in the Northern District of California (the "DJ Cases"), seeking declarations of invalidity and noninfringement of the same patents asserted in the 207 Case.  The original DJ Cases in California included the following:

1) Microchip Technology Corp. and its wholly owned subsidiary, SST, filed a declaratory judgment complaint on September 20, 2010 (N.D. Cal. Case No. 10-CV-4241) (the "Microchip DJ Case");

    2)    Freescale Semiconductor, Inc., National Semiconductor Corporation and Analog Devices, Inc. filed a declaratory judgment complaint on November 16, 2010 (N.D. Cal. Case No. 10-CV-5196) (the "Freescale DJ Case");

    3)    Taiwan Semiconductor Manufacturing Company, Ltd., TSMC North America and Ubicom, Inc. filed a declaratory judgment complaint on November 22, 2010 (N.D. Cal. Case No. 10-CV-5290) (the "TSMC DJ Case"); and

    4)    Samsung Semiconductor, Inc. and Samsung Electronics Co., Ltd. filed a declaratory judgment complaint on January 28, 2011 (N.D. Cal. Case No. 11-CV-0430) (the "Samsung DJ Case").

The plaintiffs in the DJ Cases are referred to herein as the "DJ Plaintiffs."

In California, Keranos moved to dismiss, stay or transfer each of the DJ Cases on the basis of the "first to file" rule. On June 9, 2011, the Northern District of California granted Keranos' motion and transferred all the DJ Cases to the Eastern District of Texas. The Order specifically transferred the related cases "for consolidation with the first-filed Texas Case." *See* N.D. Cal. Order, attached hereto as Exhibit A. Following transfer to the Eastern District of Texas in July 2011, the DJ Cases were assigned as follows:

    1)    The Microchip DJ Case was assigned to Judge Folsom (E.D. Texas Case No. 2:11-cv-332-DF);

    2)    The Freescale DJ Case was assigned to Judge Ward and referred to Judge Everingham (E.D. Texas Case No. 2:11-cv-334-TJW-CE);

    3)    The TSMC DJ Case was assigned to Judge Folsom and referred to Judge Everingham (E.D. Texas Case No. 2:11-cv-333-DF-CE); and

    4)    The Samsung DJ was assigned to Judge Ward and referred to Judge Everingham (E.D. Texas Case No. 2:11- cv-331-TJW-CE).

On September 29, 2011, seven of the eight DJ Plaintiffs – who were also named as defendants in the original 207 Case – answered Keranos' complaint in the 207 Case and asserted counterclaims against Keranos and third-party claims against United Module. *See* Combined

4

Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement [Dkt. No. 434].[1] The DJ Plaintiffs' counterclaims and third-party claims in the 207 Case are identical to their declaratory relief claims in the pending DJ Cases that were transferred from California.

Because the claims in the DJ Cases are duplicative of claims before the Court in the original 207 Case, the four DJ cases should be consolidated into the 207 Case.

### Argument

Under Federal Rule of Civil Procedure 42, district courts may consolidate "actions before the court involv[ing] a common question of law or fact" and other orders to avoid unnecessary cost or delay. Local Rule CV-42 also provides for the consolidation of actions which involve "(1) a common question of law or fact; or (2) the same parties and issues; or (3) different or additional parties and issues all of which arise out of the same transaction or occurrence." *See also, Miller v. United States Postal* Service, 729 F.2d 1033, 1036 (5th Cir. 1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure."). Courts have "discretionary power" to consolidate cases if the cases are of "like nature and relative to the same question" to "avoid unnecessary cost and delay." *Mutual Life Ins. Co. of New York v. Hillmon,* 145 U.S. 285, 292 (1982); *Gentry v.* Smith, 487 F.2d 571 (5th Cir. 1973) ("The stated purpose of Rule 42(a) is to

---

[1] The eighth Defendant/DJ Plaintiff, Ubicom, Inc., has not answered because its motion to dismiss for lack of personal jurisdiction is still pending. 207 Case Defendant NXP Semiconductors USA ("NXP USA") (who is not DJ Plaintiffs) also filed declaratory judgment counterclaims against Keranos and third-party claims against United Module (*see* Dkt. Nos. 129 and 283) seeking the same declaratory relief, namely, noninfringement and invalidity of the '719, '629, and '009 patents.

'avoid unnecessary costs or delay', and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice").

In this case, with the exception of SST (which was not named as a defendant in the 207 Case) and Ubicom (which has not yet answered the 207 complaint), each of the DJ Plaintiffs in the four DJ Cases filed the same claims seeking declarations of noninfringement and invalidity in the 207 Case as they asserted in the DJ Cases. The claims are shown in the tables below.

|  | Noninfringement | | | Invalidity | | |
|---|---|---|---|---|---|---|
| **DJ Cases – Declaratory Claims of:** | 719 | 629 | 009 | 719 | 629 | 009 |
| Microchip, SST, 10-CV-4241 | x | x | x | x | x | x |
| Freescale, National Semiconductor, Analog Devices, 10-CV-5196 | x | x | x | x | x | x |
| Taiwan Semiconductor, TSMC, Ubicom, 10-CV-5290 | x | x | x | x | x | x |
| Samsung Semiconductor, Samsung Electronics Co., 11-CV-00430 | x | x | x | x | x | x |

Figure 1: Summary of Declaratory Relief claims in DJ Cases.

|  | Non-Infringement | | | Invalidity | | |
|---|---|---|---|---|---|---|
| **207 Case – Declaratory Claims of:** | 719 | 629 | 009 | 719 | 629 | 009 |
| Microchip, Freescale, Analog, Taiwan Semiconductor, TSMC, Samsung Semiconductor, Samsung Electronics (Combined Defendants) | x | x | x | x | x | x |
| Ubicom | Did not Answer 207 Complaint, pending ruling on motion to dismiss on jurisdictional grounds Dkt. 399 | | | | | |
| SST | Not part of the 207 Case, but a wholly owned subsidiary of Microchip Technology Corp. | | | | | |

Figure 2: Summary of Declaratory Relief Counterclaims in 207 Case.

Here, the Northern District of California already ordered the four DJ actions to be transferred to the Eastern District of Texas "for consolidation with the first-filed Texas Case." Exhibit A at 15. In ordering the transfer, the California Court determined that the DJ Cases and the 207 Case "involve[d] mirror image issues." Exhibit A at 6. Now that the DJ Plaintiffs have

6

filed the identical counterclaims in the 207 Case (see Figures 1 and 2 above), the four DJ Cases serve no practical purpose. Consistent with the Northern District of California's reasoned analysis, this Court should consolidate the four DJ Cases into the original 207 Case.[2]

Consolidation will prevent identical claims asserted by the identical parties from being heard by and tried in multiple courts. Indeed, ***none of the DJ Plaintiffs that asserted declaratory claims in the Northern District of California oppose consolidation***. Only defendants in the 207 case that will not face duplicative declaratory relief claims (Alcatel, Apple, NXP, Renesas, Toshiba and Winbond)[3] have indicated they will oppose this Motion. *See* Certificate of Conference attached hereto.

Without consolidation, the parties may face multiple claim constructions for the same patents in different cases. "Having two different courts interpret the same patent claims" risks inconsistent claim construction rulings which would "promote uncertainty and impede the administration of justice." *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595-96 (N.D. Tex 2003); *Logan v. Hormel Foods Corp.*, 2004 U.S. Dist LEXIS 30327 (E.D. Tex. 2004) ("Besides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and

---

[2] Keranos notes that Congress recently amended 35 U.S.C. § 299 in the America Invents Act, which became effective on September 16, 2011, but long after the filing of the 207 Case. Even if the Act were to apply, it would not limit the consolidation sought here. The Act limits the joinder of parties except under specified circumstances. Here, all parties to the DJ Cases are already defendants in the 207 Case, with the exception of SST. Because SST is a wholly owned subsidiary of defendant Microchip and a supplier of accused chips to a many of the defendants, SST falls under the exceptions to the new joinder rule set out in § 299(a)(1) and (2).

[3] Defendants Apple and Toshiba oppose consolidation as premature and have indicated they believe the parties should wait to discuss consolidation at least until after the infringement contentions are served.

impede the administration of justice."); *The Whistler Group, Inc. v. PNI Corp.,* 2003 U.S. Dist. 21968 at *14 (N.D. Tex. 2003) ("By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice.").

## **Conclusion**

Consolidation is not only proper here, it is the most appropriate course for these cases. Based on the foregoing, to prevent waste of the parties and this Court's time and resources, Keranos respectfully asks the Court to consolidate the transferred N.D. Cal. DJ Cases (as captioned above) into the original 207 Case that was filed by Keranos in June 2010.

Dated: December 7, 2011

Respectfully submitted,

By: /s/ James C. Otteson

James C. Otteson
CA Bar No. 157781 (Admitted E.D. Texas)
LEAD COUNSEL
jim@agilityiplaw.com
AGILITY IP LAW, LLP
149 Commonwealth Drive, Suite 103
Menlo Park, CA 94025
Bus: 650-227-4800
Fax: 650-318-3483

Michelle G. Breit
AZ Bar No. 021439 (Admitted E.D. Texas)
michelle@agilityiplaw.com
John W. Downing
AZ Bar No. 027463 (Admitted E.D. Texas)
jdowning@agilityiplaw.com
OTTESON LAW GROUP
AGILITY IP LAW, LLP
14350 North 87th Street, Suite 190
Scottsdale, AZ 85260
Bus: 480-646-3434
Fax: 480-646-3438

        Andrew W. Spangler
        State Bar No. 24941960
        spangler@spanglerlawpc.com
        SPANGLER LAW PC
        208 N. Green St., Suite 300
        Longview, TX  75601
        Bus:  (903) 753-9300
        Fax:  (903) 553-0403

        Attorneys for Plaintiff and Counterclaim
        Defendant KERANOS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail or facsimile transmission on December 7, 2011.

    /s/ James C. Otteson
James C. Otteson

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that: (1) counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) the motion is opposed. Counsel engaged in numerous phone calls and e-mail communications in an attempt to resolve this dispute. Numerous defendants, as set forth below, have indicated they do not oppose this motion. Other defendants have indicated they will oppose the motion. As the parties are at an impasse, Plaintiff seeks a ruling from the Court in accordance with the relief requested herein.

| Parties Opposed to Consolidation | Parties Unopposed to Consolidation |
|---|---|
| Alcatel Defendants (Alcatel-Lucent Holdings, Inc.; Alcatel USA GP, Inc.; Alcatel USA Marketing, Inc.; Alcatel USA Resources, Inc.; Alcatel USA Sourcing, Inc.) | Analog Devices, Inc. |
| | Seiko Epson Defendants (Epson America, Inc.; Seiko Epson Corporation) |
| Apple, Inc. | Freescale Semiconductor, Inc. |
| NXP Semiconductors USA, Inc. | Intel Corporation |
| Renesas Defendants (Renesas Electronics America, Inc.; Renesas Electronics Corporation) | Microchip Technology, Inc. |
| | National Semiconductor Corporation |
| Toshiba Defendants (Toshiba Corporation; Toshiba America Electronic Components, Inc.) | Rohm Semiconductor, U.S.A., LLC |
| | Silicon Storage Technology, Inc. |
| Winbond Defendants (Winbond Electronics Corporation; Winbond Electronics Corporation America) | Texas Instruments, Inc. |
| | TSMC Defendants (Taiwan Semiconductor Manufacturing Company, Ltd.; TSMC North America) |

No response to this issue was received from Defendants International Business Machines Corporation and Micronas USA, Inc. Samsung Defendants (Samsung Semiconductor, Inc.; Samsung Electronics Co., Ltd.) are still considering whether or not to oppose. This matter is stayed as to Ubicom, Inc. and it has no position with respect to this issue. As described above,

11

discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

    /s/ James C. Otteson
James C. Otteson